UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REGINALD McFADDEN,

                Plaintiff,

      -against-                           9:04-CV-0799
                                           (LEK/DEP)

GLENN S. GOORD, *et al.*,

                Defendants.

_____

## DECISION AND ORDER

This matter comes before the Court following a Report, Recommendation and Order filed on

August 31, 2005, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to

28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No.

80).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned,

including the objections by both Plaintiff and Defendants, which were filed on September 14, 2005,

and October 17, 2005, respectively.  Dkt. Nos. 83 & 93.

It is the duty of this Court to "make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.  This Court has considered the objections and

has undertaken a de novo review of the record and has determined that the Report-Recommendation

should be approved for the reasons stated therein.[1, 2, 3]

_____

[1] Judge Peebles' Report-Recommendation contained a recommendation that action 9:04-CV-0799 (DNH/DEP) be consolidated with action 9:03-CV-00931(LEK/DRH).  On January 13, 2006,

As to Plaintiff's request for appointment of counsel contained in his Objections to the

Report-Recommendation (Dkt. No. 83, at 2), that request is denied without prejudice to Plaintiff re-

filing a formal motion for appointment of counsel.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its

**ENTIRETY**; and it is further

---

Judge Hurd ordered the consolidation of the two actions, noting that no objections had been made by the parties as to that part of Judge Peebles' Report-Recommendation. See Order (Dkt. No. 120). All further proceedings, and a ruling on the remainder of Judge Peebles' Report-Recommendation, are now, therefore, the province of the undersigned. See id. Thus, it should be noted that, although this Court is addressing the substantive issues raised in Defendants' motion to dismiss and Judge Peebles' Report-Recommendation, this Court will not address the issue of consolidation as that issue has been mooted by Judge Hurd's adoption of Judge Peebles' recommendation concerning consolidation, and by the subsequent consolidation of the actions.

[2] Note that Dawes v. Walker, 239 F.3d 489 (2d Cir. 2001), Report-Rec. (Dkt. No. 80) at 22, was overruled on other grounds. See Phelps v. Kapnolas, 308 F.3d 180, 187 n.6 (2d Cir. 2002).

[3] Defendants are correct that this Court previously denied an application by Plaintiff to proceed *in forma pauperis*, citing 28 U.S.C. § 1915(g) and Plaintiff's prior litigations. See Order, 9:03-CV-0931 (Dkt. No. 6) at 3-4. However, this Court finds that those prior litigations do not also serve to raise the pleading standard required of Plaintiff as a *pro se* litigant, as Defendants argue. See Defts' Objections, 9:04-CV-0799 (Dkt. No. 93) at 3. The Court in Davidson v. Flynn found that the Plaintiff in that case "at one point had **at least 30 simultaneously pending** suits." Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (emphasis added). A search of CM/ECF discloses that, in the Northern District of New York, Reginald McFadden has filed only seven matters from 1999 to 2005, four of which are now closed and two of which were consolidated - 9:04-CV-0799 and 9:03-CV-0931 (see Footnote 1, *supra*). As previously cited by this Court, McFadden has also had six cases pending in the Southern District of New York and one in the Eastern District of New York - in the mid-1990's, however. See Order, 9:03-CV-0931 (Dkt. No. 6) at 3-4 & n.1. Thus, although McFadden has filed several suits over the past years, this Court is not prepared to equate his litigiousness with that of Davidson such as to hold McFadden to a much higher pleading standard at this time.

2

**ORDERED**, that Defendants' motion to dismiss (Dkt. No. 50) is **GRANTED IN PART**, (1) as to the claims that accrued prior to June 29, 2001, (2) as to the claims related to the issuance of the misbehavior report of June 17, 2004, and (3) as to Defendants Goord, Roy and Novello; and it is further

**ORDERED**, that Defendants' motion to dismiss is **DENIED in all other respects**, as discussed in Judge Peebles' Report-Recommendation; and it is further

**ORDERED**, that Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that Defendants Goord, Roy and Novello are **DISMISSED from this case, WITHOUT PREJUDICE** should Plaintiff choose to re-plead as discussed in Judge Peebles' Report-Recommendation; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:        March 14, 2006
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge