**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REGINALD McFADDEN,

                Plaintiff,

   v.                                    No. 03-CV-931
                                              (LEK/DRH)
RICHARD ROY; ANTHONY ANNICCI;           (Lead Case)
DEBORAH JARVIS, IRC; IRWIN LIEV, Urologist;
GLENN S. GOORD; and M.D. KANG M. LEE,

                Defendants.

---

REGINALD McFADDEN,

                Plaintiff,

   v.                                    No. 04-CV-799
                                              (LEK/DRH)
KANG M. LEE, M.D.; ANTHONY ANNUCCI;   (Member Case)
DONALD SELSKY; T. TEDFORD; DALE ARTUS;
T. TAMER, Sergeant; A. TOUSIGNANT; S.
MILLER; MICHAEL GORDON; WILLIAM BROWN;
J. LAREAU, Sergeant; D. LUCIA, Sergeant;
LINDA KLOPH; SERGEANT BERNARD, SHU;
DAVID O'CONNELL, M.D.; LOIS CROTTY,
Infection Control Nurse; DAVID ARMITAGE, Lt.;
and LESTER N. WRIGHT, M.D., DOCS,

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

REGINALD McFADDEN
No. 95-A-6279
Plaintiff Pro Se
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929-2001

HON. ANDREW M. CUOMO              KELLY L. MUNKWITZ, ESQ.
Attorney General for the                 MEGAN M. BROWN, ESQ.
   State of New York                      Assistant Attorneys General
Attorney for Defendants

The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Reginald McFadden ("McFadden"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings these consolidated action pursuant to 42 U.S.C. § 1983 alleging that defendants, numerous DOCS employees and a private doctor, violated his constitutional rights under the First and Eighth Amendments. Am. Compl. (Docket No. 7).[2] Presently pending is the motion of four defendants[3] to dismiss the amended complaint in the Member Case pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 91. McFadden opposes the motion. Docket No. 95. For the following reasons, it is recommended that defendants' motion be granted in part and denied in part.

### I. Background

The facts as alleged in the amended complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

Between 1995 and 2002, McFadden repeatedly tested positive for elevated levels of

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Unless otherwise indicated, all references to docket entries are to the docket in the Member Case.

[3] Lee, O'Connell, Armitage, and Menard. Defs. Mem. of Law (Docket No. 91) at 3.

2

liver dysfunction, a clinical indication of Hepatitis C. Am. Compl. at ¶¶ 5-7. However, McFadden was not informed that he was suffering from Hepatitis C until March 24, 2002. Id. at ¶ 8. On March 18, 2004, McFadden was falsely accused of threatening a riot and was placed in isolation. Id. at ¶¶ 10-11. While in isolation, defendant Armitage sanctioned McFadden in retaliation for McFadden filing a lawsuit against various DOCS defendants. Id. As a result, McFadden was sentenced to sixteen months in the Special Housing Unit ("SHU").[4] On June 17, 2004, Menard[5] called for McFadden's medical treatment to be discontinued for security reasons and thus interfered with his medical care. Id. at ¶ 14. This action followed.

## II. Discussion

McFadden asserts two causes of action in the Member Case amended complaint. The first alleges deliberate indifference to a serious medical need and the second retaliation for asserting his First Amendment rights. The moving defendants seek dismissal of both claims.

---

[4] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the   general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

[5] In his amended complaint, McFadden refers to Menard as "Bernard" and "Maynard." See Am. Compl. at ¶¶ 12, 14.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).[6]

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'"  Lugo, 114 F. Supp. 2d at 113 (citation omitted); see also Triestman v. Fed. Bureau of Prisons, __ F.3d __, 2006 WL 3499975, at *5 (2d Cir. Dec. 5, 2006).

---

[6] McFadden is not without litigation experience, however, having filed over thirty other federal actions since 1995.  See U.S. Party/Case Index (visited Jan 2, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

4

**B. Statute of Limitations**

Defendants contend that all claims against defendants Lee and O'Connell are time-barred.

While there is no provision in 42 U.S.C. § 1983 for the statute of limitations for a civil rights claim, § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973). In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).

Federal law governs the determination of the accrual date for the purposes of a § 1983 claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). The critical time for accrual purposes is when a plaintiff is aware that he or she is suffering a wrong for which damages may be recovered in a civil rights action. Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). However, if the plaintiff demonstrates a continuing violation, the statute of limitations does not begin until the last injurious act. See Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 WL 756834, at *4 (S.D.N.Y. Apr. 4, 2005) (applying the doctrine of continuing violation to medical indifference claims). In order to invoke the continuing violation doctrine, a plaintiff must "'allege both the existence of an ongoing policy of discrimination and some non-time barred acts taken in furtherance of that policy.'" Id. at *6 (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)).

5

McFadden filed his complaint on July 9, 2004. Compl. (Docket No. 1). The Second Circuit has held that a complaint is deemed "filed" by an inmate when it is delivered to prison officials. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). Therefore, even though this action was not filed until July 9, 2004, the original complaint was signed on June 22, 2004 and that will be used as the filing date for purposes of determining the statute of limitations claims. See Compl.

Liberally construing the amended complaint and viewing the allegations in the light most favorable to McFadden, he alleges that Drs. O'Connell and Lee knew as early as 1995 and 2000, respectively, that he had tested positive for Hepatitis C, but he was not informed that he was infected until March 24, 2002. Am. Compl. at ¶¶ 5-8. McFadden alleges that defendants' denial of treatment for his hepatitis has placed him in "imminent danger of serious physical injury." Id. at ¶ 19. Thus, McFadden's allegation sufficiently alleges a continuing violation of his Eighth Amendment rights commencing before the period of limitation but continuing to within the three-year period of that limitation. Accordingly, defendants' contention that the amended complaint should be dismissed as to Drs. O'Connell and Lee is defeated at this stage by the continuing violation doctrine and their motion on this ground should be denied.

**C. Defendant Menard**

In his amended complaint, McFadden alleges that Menard placed him in SHU and "called Nurse Miller to discontinue [McFadden's medical] treatment per security." Am. Compl. at ¶¶ 12, 14. Defendants contend that McFadden has failed to state a claim for deprivation of constitutional rights against Menard.

6

Generally, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) (citations omitted). However, liberally construing the amended complaint and viewing the allegations in the light most favorable to McFadden, he has sufficiently alleged an Eighth Amendment claim for denial of medical care. In the case of a prisoner asserting an Eighth Amendment claim for denial of medical care, the prisoner must allege that prison officials were deliberately indifferent to a serious medical need. Mere allegations of inadvertent failure to provide adequate medical care or of negligent diagnosis fail to establish the requisite culpable state of mind. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Rangolan v. County of Nassau, 217 F.3d 77, 79 (2d Cir. 2000). McFadden alleges that Menard directed Nurse Miller to discontinue his medical treatment and that this request interfered with his medical care. Thus, McFadden has sufficiently alleged a constitutional deprivation of his rights.

Therefore, it is recommended that defendants' motion to dismiss on this ground be denied as to Menard.

## D. Retaliation

McFadden contends that as a result of filing this lawsuit, defendant Armitage retaliated against him by having McFadden "sanctioned for fourteen days" and sentenced to the SHU for sixteen months. See Am. Compl. at ¶ 11. Defendants contend that McFadden's conclusory allegations of retaliation must be dismissed as they fail to state a

7

claim. In order to state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Retaliation claims are actionable because they may tend to chill an individual's exercise of constitutional rights. Id. at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id. Conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil rights action. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Here, McFadden claims that as a result of his filing this lawsuit, Armitage had him sanctioned for fourteen days and sentenced to sixteen months in SHU "in order to prevent service of [the] summons and complaint" in this case. Am. Compl. at ¶ 11. McFadden's filing of a lawsuit was clearly an assertion of a constitutional right and the sixteen month sentence in SHU could constitute an adverse action. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). However, McFadden alleges in only bare, conclusory terms that these alleged acts were taken in retaliation for his protected conduct. Thus, McFadden has not alleged specific facts that "give rise to a colorable suspicion of retaliation." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Therefore, defendants' motion on this ground should be granted and defendant Armitage should be dismissed from the case.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 91) be:

    1. **GRANTED** as to defendant Armitage and defendant Armitage should be dismissed from this case; and

    2. **DENIED** as to defendants O'Connell, Lee, and Menard.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 9, 2007
        Albany, New York

_David R. Homer_
United States Magistrate Judge